IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE A. HANDWERK,<br>    Plaintiff | :<br>:   Action No. 3:13-CV-02860<br>: |
| v. | :<br>:   (Judge Nealon) |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>    Defendant | :   (Magistrate Judge Mehalchick)<br>:<br>: |

FILED
SCRANTON
NOV 10 2014
PER _____
         DEPUTY CLERK

## MEMORANDUM

On November 25, 2013, Plaintiff, Julie A. Handwerk, filed a complaint seeking review of the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for disability insurance benefits and supplemental security income. (Doc. 1). A Report and Recommendation (R&R) was issued by United States Magistrate Judge Karoline Mehalchick on October 24, 2014, recommending that the appeal be granted, the decision of the Commissioner be vacated, and the case be remanded for further proceedings . (Doc. 12). Plaintiff has not objected to R&R and on November 6, 2014, Defendant indicated she was waiving the right to file objections. (Doc. 14). Having reviewed the reasoning of the Magistrate Judge, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

**Discussion**

Upon review of the present appeal, it is concluded that the Magistrate Judge did not err in finding that the decision of the administrative law judge ("ALJ"), that Plaintiff was not disabled, is not supported by substantial evidence. The

Magistrate Judge sets forth the standard for reviewing a Social Security appeal and the sequential evaluation process. (Doc. 13, pp. 3-5). The Magistrate Judge thoroughly reviews the ALJ's decision and determines that it was unclear whether the ALJ's conclusion that Plaintiff was not disabled at step two was due to the fact that she found Plaintiff's impairments to be non-medically determinable or whether she found medically determinable impairments that were non severe. (Doc. 13, p. 5). The Magistrate Judge notes that the ALJ's decision is inconsistent in its third and fourth findings of fact, in concluding Plaintiff had certain medically determinable impairments but that there were no records to substantiate the existence of a medically determinable impairment. (Doc. 13, p. 7) The Magistrate Judge also opines that the ALJ improperly discounted all of the medical opinion evidence. (Doc. 13, pp. 7-8). Additionally, Magistrate Judge Mehalchick takes issue with the ALJ's analysis of the severity of Plaintiff's impairments due to fibromyalgia and the ALJ's error in requiring objective findings to verify Plaintiff's subjective complaints. (Doc. 13, pp. 9-11). The Magistrate Judge concludes that the ALJ's step two denial was unsupported by substantial evidence because the ALJ improperly discounted testimony and medical opinions of record with regard to Plaintiff's fibromyalgia, and recommends remanding for a new hearing. (Doc. 13, pp. 11-12).

Neither party having objected to the Magistrate Judge's recommendations, and Defendant having specifically waived the right to object, and this Court having reviewed the Report and Recommendation for clear error and having found none, it will be adopted.

A separate order will be entered.

**Date:** November 7, 2014

_____
**United States District Judge**