## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIE A. HANDWERK, | : | |
| Plaintiff | : | Action No. 3:13-CV-2860 |
| | : | |
| v. | : | |
| | : | (Judge Nealon) |
| CAROLYN W. COLVIN, | : | (Magistrate Judge Mehalchick) |
| Acting Commissioner of Social Security, | : | |
| Defendant | : | |

## **MEMORANDUM**

**Background**

On November 25, 2013, Plaintiff, Julie A. Handwerk, filed a complaint
seeking review of the Commissioner of the Social Security Administration's
("Commissioner") denial of her application for disability insurance benefits and
supplemental security income.  (Doc. 1).  A Report and Recommendation (R&R)
was issued by United States Magistrate Judge Karoline Mehalchick on October 24,
2014, recommending that the appeal be granted, the decision of the Commissioner
be vacated, and the case be remanded for further proceedings .  (Doc. 12).  On
November 10, 2014, the Undersigned issued a Memorandum and Order, adopting
the R&R and effectively granting the appeal and remanding the matter to the
Commissioner.  (Docs. 15 and 16).

On January 20, 2015, Plaintiff filed a motion for attorney fees and a brief in
support pursuant to the Equal Access to Justice Act ("EAJA").  (Docs. 17 and 18).

On February 3, 2015, Defendant filed a brief in opposition.  (Doc. 19).  On

February 5, 2015, Plaintiff filed a reply brief.  (Doc. 20).  This motion is now ripe

for review.

## Standard of Review

In order to obtain attorney fees under the EAJA, a plaintiff must be the

"prevailing party."  See 28 U.S.C. § 2412(d).  A "prevailing party" is one who has

"achieved some of the benefit sought . . . [in] bringing the suit."  Institutionalized

Juveniles v. Sec. of Pub. Wel., 758 F.2d 897, 910 (3d Cir. 1985).  In other words,

if the court grants an appeal, and vacates the decision of and remands the matter to

the Commissioner of the Social Security Administration ("SSA"), the plaintiff is

considered to be the "prevailing party."  Kadelski v. Sullivan, 30 F.3d 399, 401,

note 2 (3d Cir. 1994).

The motion for attorney fees under the EAJA must be timely filed within

thirty (30) days of the court's entry of final judgment.  28 U.S.C. § 2412(d)(1)(B).

However, when the United States or its agency is a party to the action, there are

sixty (60) days to file an appeal, and thus a social security appeal judgment does

not become final until this sixty (60) day appeal period concludes.  FED. R. APP. P.

4(a)(1).  Therefore, for a social security appeal, a plaintiff has ninety (90) days to

file for a motion for attorney fees.  See White v. Barnhart, 2006 U.S. Dist. LEXIS

59387, at *6 (E.D. Pa. Aug. 18, 2006).

If these pre-requisites are met, a plaintiff can recover attorney fees unless the Commissioner's decision denying benefits was "substantially justified" both in fact and law, and no special circumstances make the fee award unjust.  28 U.S.C. § 2412(d)(2)(D); see Tressler v. Heckler, 748 F.2d 146, 149 (3d Cir. 1984).

The final consideration involves determining the proper amount of attorney fees to award.  White, 2006 U.S. Dist. LEXIS 59387 at * 12.  Under the EAJA, a plaintiff is entitled to a filing fee reimbursement.  28 U.S.C. § 2412(a)(2). Regarding the attorney's hourly billing rate, on March 29, 1996, Public Law 103-121 § 232(b)(1) was amended to permit a rate of one hundred twenty-five dollars ($125.00) per billing hour, and provided for an increase in this figure in relation to the cost of living.  The United States Court of Appeals for the Third Circuit has approved the use of the Consumer Price Index ("CPI") to calculate the cost of living adjustment to this baseline hourly billing rate.  Dewalt v. Sullivan, 963 F.2d 27, 29 (3d Cir. 1992).

In determining the proper number of hours for an award of attorney fees under the EAJA, the party motioning for attorney fees must:

> demonstrate that its request is reasonable and [] put forward a
> good faith effort to exclude from a f[]ee request hours that are
> excessive, redundant, or otherwise unnecessary.  However,

3

aside from time allotted for proofreading, it is not reasonable
for an attorney to bill for such administrative tasks that can
easily be performed by non lawyers. [] If the opposing party
objects to the number of hours proffered, that party must,
through affidavit or brief, provide notice with sufficient
specificity to the fee applicant the portion of the fee petition
which must be defended.  Further, although a district court can
decrease the awarded fee based only upon factors raised by the
opposing party, the fee award is not automatic and the court
retains significant discretion to adjust the fee amount to reflect
the objections given its superior understanding of the litigation.

White, 2006 U.S. Dist. LEXIS 59387 at * 14-15 (citations omitted).

## Discussion

In her motion for attorney fees and the accompanying brief in support,

Plaintiff seeks eight thousand three hundred sixty dollars and ninety-two cents

($8,360.92) in attorney fees pursuant to the EAJA.  (Doc. 18, p. 2).   She asserts

she is entitled to these fees because: (1) she is the "prevailing party;" (2) the

Commissioner was not "substantially justified" in denying her benefits; (3) her

motion was timely filed; (4) the attorney's hourly rate was calculated in

accordance with the EAJA hourly rate and accounted for the increased living costs

under the CPI; and (5) the forty-four and one tenth (44.1) hours billed were

reasonable.  (Id. at 3-9).

In the brief in opposition, Defendant does not challenge that Plaintiff was

the prevailing party, that the Commissioner's decision was not substantially

justified, or that Plaintiff's petition was timely filed.  (Doc. 19).  Rather,

Defendant challenges the amount of hours billed and the requested fee.  (Doc. 19).

Defendant asserts that the amount of hours Plaintiff's counsel expended on the

appeal should be reduced from forty-four and one tenth (44.1) hours to twenty and

a half (20.5) hours, and that this reduced amount multiplied by the one hundred

eighty-nine dollars and fifty-nine cents (189.59) reduces the amount to be awarded

to three thousand eight hundred eighty-six dollars and fifty-nine cents ($3,886.59).

(Id.).

Specifically, Defendant first contends that the five and a half (5.5) hours[1]

Plaintiff's attorney spent on "pre-complaint tasks and to draft the complaint"

should be reduced to one (1) hour because "Plaintiff should not seek compensation

under [the] EAJA for her attorney's work performed prior to commencement of

her civil action on November 22, 2013. . . [and because] Plaintiff filed a simple

complaint. . ."  (Id. at 3-4).

Next, Defendant asserts that it would be unreasonable for Plaintiff to be

awarded for the twenty-six and eight tenths (26.8) hours her counsel spent on

---

[1]Defendant mistakenly lists the preparation for the complaint as five and two tenths (5.2) hours, while Plaintiff's attorney billed five and five tenths (5.5) hours for this preparation.  As such, we will be using the five and five tenths (5.5) calculation from Plaintiff's Complaint, (Doc. 17).

"outlin[ing] the evidence and draft[ing] her complaint and brief in support []"

because Plaintiff's appeal "did not involve any complicated or difficult legal

contentions []" and "the administrative transcript that required review consisted of

only 414 pages."   (Doc. 19, p. 4).  Instead, Defendant argues a more reasonable

amount of time spent billed on this aspect of the case is fifteen (15) hours. (Id.).

Thirdly, Defendant argues that the six and two tenths (6.2) hours Plaintiff

seeks for tasks performed by her counsel in reviewing Defendant's brief in

opposition and drafting a reply are not reasonable because "Plaintiff merely

rehashe[d] the arguments that she presented in her opening brief []."  (Id. at 5).

Instead, Defendant argues that, for these tasks, only two (2) hours maximum

should be compensated.  (Id.).

Finally, Defendant requests that the four and four tenths (4.4) hours

Plaintiff's counsel billed to:

> Draft EAJA petition; commence draft of Brief in Support of
> Petition; Complete first draft of EAJA Brief in Support of
> Petition; Review draft EAJA Petition, memorandum, Notice of
> Motion, Proposed Order, Declaration, Plaintiff's Affidavit[]
> and Certificate of Service . . . should be reduced to 1 hour
> because the petition consists of boilerplate language, and the
> enumeration of hours is a function that can be performed by a
> secretary.

(Id.).

6

In her reply brief, Plaintiff initially states that she will not be addressing Defendant's statement that the rate for which compensation was sought should be reduced, because Defendant failed to provide any rationale beyond this statement, and used the suggested one hundred eighty-nine dollar and fifty-nine cent ($189.59) hourly rate to calculate her suggested reduced award.  (Doc. 20, pp. 2-3).

Plaintiff then asserts that she should be awarded for the forty-four and one tenth (44.1) hours as requested because: (1) case law has held that the amount of hours Plaintiff's attorney billed at each stage of litigation is reasonable; (2) Plaintiff's attorney was not the original attorney who handled the matter throughout the process with the SSA and therefore required time to become familiar with the case before preparing the complaint, and Plaintiff should therefore be awarded the original five and a half (5.5) hours requested; (3) the complaint and brief in support did not involve routine, uncomplicated issues of a social security claim and Plaintiff should therefore be awarded the original twenty-six and eight tenths (26.8) hours requested ; (4) review of the brief in opposition and the subsequently filed reply brief involved two (2) issues separate from those raised in the complaint and a more in depth analysis regarding the third step of the sequential evaluation process, and Plaintiff should thus be awarded the original six

and two tenths (6.2) hours requested; (5) the amount of time Plaintiff's counsel spent preparing the attorney fees motion and support brief in the amount of four and four tenths (4.4) hours was reasonable; and (6) Plaintiff should be awarded an additional six hundred forty-four dollars and sixty-one cents ($644.61) for the three and four tenths (3.4) hours counsel expended in reviewing the brief in opposition to the motion for attorney fees.  (Doc. 20, pp. 3-7).  Thus, Plaintiff is now requesting attorney fees in the amount of nine thousand five dollars and fifty-three cents ($9,005.53) for forty-seven and a half (47.5) hours her counsel expended on the appeal and the instant motion.  (Id. at 7).

Initially, it is determined that Defendant's failure to support the assertion that Plaintiff's counsel's hourly billable rate was unreasonable, and Defendant's use of the suggested hourly rate of one hundred eighty-nine dollars and fifty-nine cents ($189.59) to calculate the suggested reduced award in the brief in opposition, will result in this Court applying the one hundred eighty-nine dollar and fifty-nine cent ($189.59) hourly rate to calculate Plaintiff's award.

Moreover, after review of the briefs and case law with facts similar to the case at hand, it is determined that the hours Plaintiff's counsel expended becoming familiar with the complaint, preparing the complaint and brief in support, preparing a reply brief, corresponding with her client, preparing her motion for

8

attorney fees and brief in support, and reviewing the brief in opposition to this motion and preparing the reply brief are reasonable.  With respect to the five and a half (5.5) hours Plaintiff's counsel spent becoming familiar with the case, because counsel had not represented Plaintiff in any prior SSA proceedings, it was reasonable for counsel to spend this amount of time becoming familiar with the prior SSA proceedings and medical records and to spend time discussing the case with Plaintiff.  See Bastian v. Comm'r of Soc. Sec., 2009 U.S. Dist. LEXIS 42699, at *9-10 (D.N.J. May 20. 2009) (the court held that it was reasonable for counsel to spend fourteen and a half (14.5) hours reviewing the record before preparing the complaint because counsel was "unfamiliar with the facts of this litigation prior to taking the case.").

Applying the same rationale, this Court finds that it was reasonable for Plaintiff's counsel to spend twenty-six and eight tenths (26.8) hours preparing the complaint and brief in support because this time included extensively outlining the record and preparing the issues included in the support brief, which cannot be concluded to be uncomplicated or simple issues as discussed in the R&R and Memorandum and Order.

With regards to Plaintiff's reply brief, it is determined that the six and two tenths (6.2) hours Plaintiff's counsel expended reviewing the brief in opposition

and preparing the reply brief were reasonable because Plaintiff responded to the brief in opposition and did not merely rehash arguments made in the complaint and brief in support.  See White, 2006 U.S. Dist. LEXIS 59387 at *17-18 (holding that it was reasonable for Plaintiff's counsel to spend eight (8) hours preparing the reply brief because the brief "[did] not appear to be 'boilerplate' or a mere re-filing of the original brief.").

Likewise, the four and four tenths (4.4) hours Plaintiff's counsel spent preparing the motion for attorney fees pursuant to the EAJA and the brief in support were reasonable.  Id. at *19 (holding that it was reasonable for Plaintiff to spend three (3) hours preparing the EAJA petition).  Because Defendant has not called into question the remaining one and two tenths (1.2) hours counsel spent communicating with Plaintiff regarding the status of the case and the R&R, this Court will calculate this time into Plaintiff's award.

Furthermore, this Court finds it reasonable for Plaintiff to recover the three and four tenths (3.4) hours Plaintiff's counsel spent in preparing the reply brief for the motion at hand because this brief did not contain considerable boilerplate language, but rather contained a substantial amount of case law supporting its motion and responding to Defendant's brief in opposition.  Id.  (the court would only allow reimbursement of two (2) hours of counsel's five (5) hours spent

preparing the EAJA reply brief because of the considerable use of boilerplate language).

As such, it is determined that Plaintiff is entitled to total of forty-seven and a half (47.5) hours multiplied by the hourly billing rate of one hundred eighty-nine dollars and fifty-nine cents ($189.59), which totals an amount of nine thousand five dollars and fifty-two cents ($9,005.52).

## Conclusion

For the foregoing reasons, Plaintiff's motion for attorney fees pursuant to the EAJA will be granted, and Plaintiff will be awarded nine thousand five dollars and fifty-two cents ($9,005.52), subject to the terms of the Order that follows.

A separate Order will be issued.

**Date**: March 17, 2015

/s/ **William J. Nealon**
**United States District Judge**